IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOMINICK RODE, #B16105, <br><br>        Plaintiff, <br><br> v. <br><br> DARREN GALLOWAY, <br> JASMIN MARTINEZ, <br> JOEL FIORENTINI, <br> KIM JOHNSON, <br> ROB JEFFREYS, and <br> Y. JOHNSON, <br><br>        Defendants. | Case No. 22-cv-00983-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

      Plaintiff Dominick Rode, an inmate of the Illinois Department of Corrections who is currently incarcerated at Shawnee Correctional Center ("Shawnee"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### BACKGROUND

      In the original Complaint, Plaintiff alleged that another inmate was unlawfully allowed

access to his confidential mental health information. (Doc. 1). On August 18, 2021, Defendant Jasmin Martinez, a behavioral staff technician, gave the inmate a mental health form containing Plaintiff's private information and instructed the inmate to deliver the form to Plaintiff for him to sign. The inmate told Plaintiff that he was "helping out" Martinez. Plaintiff signed the form and gave it back to the inmate. Plaintiff filed this lawsuit seeking to hold Defendants liable for violations of his privacy rights and rights established under HIPAA. Plaintiff also asserted allegations against Defendants for the mishandling of his grievance reporting the incident.

The Court found that Plaintiff had not stated a claim for a constitutional violation and dismissed the Complaint without prejudice. (Doc. 22). Allowing an inmate on a single occasion to handle Plaintiff's mental health information, while "negligent and unprofessional," did not rise to the level of cruel and unusual punishment in violation of the Eighth Amendment. (*Id.* at p. 4). Furthermore, there is no private cause of action for alleged HIPAA violations. The Court also found that Plaintiff failed to state a claim against Defendants for improperly denying his grievance and failing to investigate the incident. Plaintiff was granted leave to amend.

## DISCUSSION

The First Amended Complaint suffers from the same deficiencies as the original Complaint and will be dismissed. The amended complaint consists of an exact copy of the original Complaint (Doc. 25, p. 6-16), and adds Darren Galloway, the warden of operations, as a defendant and allegations regarding grievance procedures and policies at Shawnee (Doc. 25, p. 1-5). The claims that were previously asserted in the original Complaint and reasserted in the First Amended Complaint are dismissed for the same reasons previously stated in the first merit review order. (*See* Doc. 22).

Plaintiff's new allegations regarding grievance procedures also fail to state a claim for a

constitutional violation. Plaintiff asserts that Galloway has created policies that bar inmates from filing grievances related to HIPAA violations or medical issues in violation of his First and Fourteenth Amendment rights. (Doc. 25, p. 3). He recounts that state law requires all grievances concerning issues with medical records to be promptly forwarded to the facility's privacy officer. Shawnee, however, does not have a privacy officer, medical administrator, or other staff member with "HIPAA access to medical records," and therefore, grievances regarding medical records or HIPAA violations cannot be investigated and properly reported. He argues that the grievances are essentially moot before they are even filed.

Assuming Plaintiff's allegations are true, and he was and is prohibited or impeded from filing grievances regarding HIPAA violations and medical records, he still has not stated a claim for a constitutional violation. As the Court previously explained, "the Constitution does not require that jails or prisons provide a grievance procedure at all, nor does the existence of a grievance procedure create a constitutionally guaranteed right." *Daniel v. Cook Cty.,* 833 F. 3d 728, 736 (7th Cir. 2016). *See also Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); (Doc. 22, p. 5). Thus, there is not an independent constitutional claim under Section 1983 due to Plaintiff's inability to file medical record related grievances. Accordingly, Plaintiff's new claims asserted under the First and Fourteenth Amendment against Galloway for hindering his ability to file grievances are dismissed.

Because there are no claims that survive preliminary review, the First Amended Complaint is dismissed. The Court has given Plaintiff the opportunity to replead his claims, and he has again failed to state a claim upon which relief could be granted. At this point, the Court does not believe that additional allegations would cure the defects of his claims and finds that any further amendment would be futile. *See Hukic v. Aurora Loan Servs*., 588 F.3d 420, 432 (7th Cir. 2009).

Therefore, the First Amended Complaint and this entire case will be dismissed with prejudice for failure to state a claim upon which relief can sought.

### DISPOSITION

For the reasons stated above, the First Amended Complaint and this entire action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 4, 2023**

                                             s/Stephen P. McGlynn
                                             **STEPHEN P. MCGLYNN**
                                             **United States District Judge**